IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JILL TAYLOR and SILAS TAYLOR,
as parent and/or guardian of their infant
son WENDELL KETTERING,

                Plaintiffs,

v.                               CIVIL ACTION NO. 2:05-0877

KANAWHA COUNTY BOARD OF EDUCATION,
CATHY PRICE, individually and as the mother
and guardian of DAVID PRICE, an infant and
MUNICIPAL MUTUAL INSURANCE COMPANY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendant Kanawha County Board of Education removed this case to this Court on November 3, 2005 on the basis that Plaintiffs' complaint alleges a federal question, and therefore, confers original jurisdiction upon this Court under 28 U.S.C. § 1331. Plaintiffs moved for remand asserting Defendants' removal petition was improper because the complaint alleged an action for state constitutional tort only, and that this Court lacked subject matter jurisdiction over the action. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion for remand, **GRANTS** the request for an award of fees and costs, and **ORDERS** the case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

**I. Background**

On September 27, 2005, Plaintiffs filed their action in the Circuit Court of Kanawha County against Defendants. In their complaint, the parents of a male student brought claims against the Kanawha County Board of Education, two individuals, and an insurance company providing

possible liability coverage to the individuals involving a physical altercation between their son and another student at a Kanawha County school. Defendant Kanawha County Board of Education filed a notice of removal on November 3, 2005 claiming that the Plaintiffs' complaint alleges a violation of the United States Constitution sufficient to confer original jurisdiction upon this Court pursuant to 28 U.S.C. § 1331.[1] Plaintiffs filed a motion to remand on November 15, 2005 arguing that their complaint alleges only claims based upon state law and that not all defendants consented to the removal. This motion is now ripe for decision. Because the motion can be decided on the issue of federal jurisdiction alone, this Court will not examine whether all defendants consented to removal.

## II. Standard of Review

The Fourth Circuit has held that removal statutes must be construed strictly against removal. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 124 (S.D.W.Va. 1994). Moreover, the "burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1] Defendant Municipal Mutual Insurance Company subsequently filed a notice of its consent to removal on November 21, 2005.

In analyzing the complaint, an action may be removed to a federal district court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b).[2] District courts have original jurisdiction of actions arising under the laws of the United States. 28 U.S.C. § 1331.[3] An action arises under the laws of the United States for purposes of section 1331 if the federal claim appears on the face of a well pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In removal cases, "the defendant bears the burden of showing federal jurisdiction has been invoked properly." *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 486 (S.D. W. Va. 2001) (citing *Mulcahey*, 29 F.3d at 151).

### III. Discussion

Defendants argue that the complaint alleges a cause of action that arises under federal law or at the very least is ambiguous. They argue that several paragraphs contained within Count I of the complaint are confusing and contradictory. *See* Def. Resp. to Remand at 2-3 (quoting Compl. para. 19-21). However, in light of two previous remand orders from this Court involving substantially similar language in the complaint,[4] Defendants agree that if these were the only paragraphs in the complaint to seemingly claim a violation of federal law, then this Court would lack jurisdiction. *See id.* at 3 (citing to the reasoning of Judge Goodwin and Judge Copenhaver's decisions in the *McGhee* and *Lilly* cases).

---

[2] Section 1441(b) states, "(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

[3] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] *See Lilly v. Town of Clendenin*, No. 2:05-0303, slip op., 2005 WL 2171760 (S.D. W.Va. Sept. 6, 2005); *McGhee v. City of South Charleston*, No. 2:01-1308 (S.D. W.Va.). These cases are cited in Plaintiffs' complaint at ¶ 24.

As way of distinction, the Defendants argue that the complaint in this case goes much farther toward asserting a federal cause of action than the previous cases. Specifically, the Defendants point to the following paragraph in the complaint as acknowledgment by the Plaintiffs that they are asserting claims based upon federal law: "Furthermore, by alleging violations of the United States Constitution, the Governmental Tort Claims and Insurance Reform Act is inapplicable." Compl. at para. 25. The Court disagrees with Defendants. At best, this statement is a premature response to a possible defense to their state constitutional tort claim. It is little more than an assertion by the Plaintiffs of how they believe a state statute applies or will apply to their case. This paragraph cannot be read as acknowledging a federal cause of action when Plaintiffs go to great efforts in Count I to make clear that their cause of action is based upon state law. Because this paragraph does not support the argument that the Plaintiffs allege a federal claim, the only paragraphs remaining that could possibly state a federal cause of action are those that Defendants acknowledge do not provide this Court with jurisdiction. Without jurisdiction over this case, remand is necessary.

**IV. Attorney's Fees and Costs**

Under 28 U.S.C. § 1447(c), a court which remands a case back to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Conflict has existed throughout the circuits concerning when attorney's fees should be awarded. On December 7, 2005, the U.S. Supreme Court issued an opinion determining the proper standard for awarding attorney's fees when remanding a case to state court. *Martin v. Franklin Capital*, No. 04-1140, 2005 WL 3299410 (Dec. 7, 2005). In *Martin*, the Court held that absent unusual circumstances "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at *6.

Turning to this case, the Court finds that Defendants did lack an objectively reasonable basis for removal. This very Court has remanded two previous cases involving complaints drafted with nearly identical language. Plaintiffs even cited to those cases in its complaint thereby ensuring that Defendants were aware of the remands. Plaintiffs explicitly chose language in an attempt to make it clear that they filed an action asserting only state claims. This Court does not believe that the addition in this complaint of the paragraph claiming the inapplicability of the state governmental tort immunity act creates an objectively reasonable basis for removal based upon federal question. While the Defendants correctly point out that the *Lilly* and *McGhee* courts did not award fees or costs, the question of whether certain drafted language in complaints asserted federal claims was new and developing. At some point, removals asserting federal jurisdiction knowingly based upon substantially similar language resulting in remand after remand becomes unreasonable. Defendants have reached that point in removing this case.

Therefore, the Court finds that an award of attorney's fees is appropriate to compensate Plaintiffs for the costs associated with responding to the removal. The Court directs Plaintiffs to submit an itemized accounting of his costs and fees, together with any supporting affidavits of customary hourly rates of attorneys doing similar work. Defendants are directed to file any objections they have to the accounting within ten days of said accounting being filed with the Court. Within three days, Plaintiffs may file a reply to any objections.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiffs' motion and **REMANDS** this case to Kanawha County Circuit Court. The Court concludes that the Plaintiffs have demonstrated that costs and attorney fees are appropriate in this case and **GRANTS** the request for an award of

costs and fees. The Court **DIRECTS** the Plaintiffs to submit for review an accounting of his costs and fees.

ENTER: December 19, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE